UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD RANDOLPH,

                              Plaintiff,               9:19-CV-1161
                                                       (DNH/TWD)
         v.

S.W. AGOSH and JANE DOE,

                              Defendants.
_____

APPEARANCES:

EDWARD RANDOLPH
14-A-2489
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                        NICHOLAS LUKE ZAPP, ESQ.
New York State Attorney General - Albany  Ass't Attorney General
The Capitol
Albany, NY 12224


DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

        Pro se plaintiff Edward Randolph ("Randolph" or "plaintiff") commenced this action by

filing a Complaint asserting claims arising out of his confinement in the custody of the New

York State Department of Corrections and Community Supervision ("DOCCS") at Auburn

Correctional Facility ("Auburn C.F.").  Dkt. No. 1 ("Compl.").

        By Decision and Order of this Court filed December 6, 2019 (the "December Order"),

the Court granted Randolph's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 10. In the December Order, the Court directed a response to the Eighth Amendment claims against defendants Senior Social Worker Agosh ("Agosh") and Therapist Jane Doe ("Jane Doe"). *See id.* at 24.

However, the Court dismissed the following claims without prejudice: (1) Eighth Amendment deliberate medical indifference claims against defendants Mental Health Unit ("MHU") Chief L. Kalies ("Kalies") and Superintendent Harold D. Graham ("Graham"); and (2) Eighth Amendment excessive force claims against Graham and Superintendent John Doe. *See* Dkt. No. 10 at 24.

In December 2019, Randolph moved for reconsideration of the December Order arguing that the Court overlooked his excessive force claim against Graham, related to cell extractions, and that "clear error" necessitated reconsideration of his deliberate medical indifference claim against Kalies. *See* Dkt. No. 12. In a Decision and Order filed on February 13, 2020 (the "February Order"), the Court granted plaintiff's motion for reconsideration in part. *See generally* Dkt. No. 18.

With respect to Graham, the Court considered whether Randolph sufficiently plead an excessive force claim and concluded that, "[t]he Complaint is devoid of facts related to how, when, where, and by whom Graham was contacted regarding the cell extractions. Indeed, Randolph does not identify any of the officers or staff who participated in the cell extractions and refers to the participants only as 'the response team' or 'Lt.' " *See* Dkt. No. 18 at 6. Therefore, the Court held that plaintiff failed to sufficiently allege an Eighth Amendment claim

against Graham.  *See id.* at 7.

With respect to Kalies, Randolph argued that, "the law clerk in the facility law library neglected to add the specific section of his complaint" related to Kalies and argued that she was personally involved in the Eighth Amendment violations because she met with him on October 24, 2017.  *See* Dkt. No. 12 at 6-8.  Randolph also claimed that exhibits supporting his claim against Kalies were erroneously omitted from his Complaint.[1]  *See id.*  The Court denied this portion of plaintiff's motion reasoning that a motion for reconsideration cannot be used "to advance new facts, issues or arguments not previously presented to the Court."  *See* Dkt. No. 12 at 8.

Presently before the Court is the Amended Complaint.  Dkt. No. 19 ("Am. Compl.").

## II.  LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A(b) was discussed at length in the December Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 10 at 3-4.  The Court will construe the allegations in the Amended Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

---

[1]  Exhibits were not annexed to the motion for reconsideration.  Dkt. No. 18 at 8, n. 3.

III. **SUMMARY OF AMENDED COMPLAINT**[2]

Construing the Amended Complaint liberally, Randolph reiterates his claims against individuals who were previously identified as defendants in the original Complaint.  *See generally* Am. Compl.  The facts asserted in the Amended Complaint[3] are largely identical to those in the Complaint.  *Compare* Compl. *with* Am. Compl.  The Amended Complaint contains no new causes of action and the requests for relief are substantially the same as those in the Complaint reviewed in the December Order.[4]  *See id.*

IV. **ANALYSIS**

A. **Deliberate Medical Indifference**

Randolph claims that Agosh, Jane Doe #1, Kalies, and Graham deprived him of adequate medical care in violation of his Eighth Amendment rights.  *See generally* Am. Compl.

The law related to Eighth Amendment deliberate medical indifference claims was discussed in the December Order and will not be restated herein.  *See* Dkt. No. 10 at 13-14.  As a result of the review of the original Complaint, the Court directed Agosh and Jane Doe to respond to the Eighth Amendment deliberate medical indifference.  *See* Dkt. No. 10 at 15.  These claims are repeated and realleged in the Amended Complaint and thus, survive

---

[2]  The Amended Complaint includes exhibits.  *See* Dkt. Nos. 19-1 and 19-2.  To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits.  *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[3]  In the Amended Complaint, Defendants are sued in their individual capacity only.

[4]  Plaintiff annexed Use of Force Reports, Unusual Incident Reports, and Misbehavior Reports related to incidents that occurred in September 2017, October 2017, and November 2017.  *See* Dkt. Nos. 19-1 and 19-2. The names of the staff members involved in the incidents are redacted from the reports.  *See id.*

review as well.

In the December Order, the Court dismissed the Eighth Amendment claims against Graham finding that the claims were "entirely conclusory." Dkt. No. 10 at 18. Upon review of the Amended Complaint, the Court finds that Randolph has failed to remedy the pleading deficiencies identified in the December Order with respect to his medical claim against Graham.

The Amended Complaint includes no new factual allegations against Graham; indeed, the allegations are substantially the same as those in the Complaint reviewed in the December Order. However, a different conclusion is reached with respect to Kalies. In the December Order, the Court dismissed the medical claims against Kalies holding that, "Plaintiff does not allege that he met with Kalies and does not plead any facts suggesting that Kalies personally participated in his mental health treatment." *See* Dkt. No. 10 at 16.

In the February Order, the Court denied plaintiff's motion to reconsider because Plaintiff attempted to assert new facts, not previously presented in the original Complaint. *See* Dkt. No. 18 at 6. Now, in the Amended Complaint, Randolph reasserts his claim that Kalies deprived him of adequate mental care in violation of his Eighth Amendment rights.

Randolph claims that he "personally" spoke to Kalies on "three separate occasions throughout the time that he was in the RCTP" and asserts that Kalies told him that she "agreed that he was fit to be discharged." Am. Compl. at 28. Randolph alleges that on one occasion, the conversation was recorded on a hand held video camera. *Id*.

While the Amended Complaint lacks facts related to when the aforementioned conversations occurred, the exhibits annexed to the Amended Complaint suggest that Kalies was personally involved in the decision to transfer Randolph to the Mental Health Unit on

5

October 24, 2017. *See* Dkt. No. 19-1 at 33. The Unusual Incident Report, dated October 24,

2017, indicates that the "MHU Unit Chief [name redacted] determined that Inmate Randolph,

Edward 14A2489 would need to be moved[.]" *Id.*

At this juncture, Randolph has sufficiently plead a Eighth Amendment medical claim

against Kalies to warrant a response. In so ruling, the Court expresses no opinion as to

whether these claims can withstand a properly filed dispositive motion.

## B. Excessive Force

The law related to excessive force claims was discussed in the December Order and

will not be restated herein. *See* Dkt. No.10 at 18-20.

In the December Order, the Court dismissed the excessive force claims finding that

the Complaint lacked facts suggesting that Graham or Superintendent Doe directly

participated in the use of the chemical agents or that either defendant was present when the

chemicals were administered into plaintiff's cell. *See id.* at 19. The Court also dismissed the

supervisory claims against Graham and Doe reasoning that

> Plaintiff has not plead that he was subjected to unconstitutional
> conduct, as it relates to the use of chemical agents. Indeed,
> Plaintiff admits that he was repeatedly warned, by multiple staff
> members, including the chaplain, that if he did not leave his cell
> voluntarily, he would be extracted.

Dkt. No. 10 at 20.

The facts alleged in the Amended Complaint do not cure the deficiencies in this claim.

For the reasons set forth in the December Order, the excessive force claims are dismissed.

## V. CONCLUSION

Therefore, it is

6

ORDERED that

1.  The Amended Complaint (Dkt. No. 19) is accepted for filing and is deemed the operative pleading;

2.  The following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted:  (1) Eighth Amendment deliberate indifference claims against Graham; and (2) Eighth Amendment excessive force claims;

3.  Plaintiff's Eighth Amendment deliberate medical indifference claims against Agosh, Kalies, and Jane Doe survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response;

4.  The Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon Kalies.  The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order;

5.  A response to the Amended Complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

6.  All pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

7.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing**

**parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**;

8. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions;

9. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**;

10. Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Jane Doe. **Plaintiff's failure to timely serve this defendant will result in dismissal** of the claims asserted against her and termination of this defendant from the action; and

11. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: April 8, 2020
    Utica, New York.

United States District Judge