UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD RANDOLPH,

                                Plaintiff,           9:19-CV-1161
                                                          (DNH/TWD)
    v.

HAROLD D. GRAHAM, *et al.*,

                                Defendants.

---

APPEARANCES:

EDWARD RANDOLPH
14-A-2489
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                          NICHOLAS LUKE ZAPP, ESQ.
New York State Attorney General         Asst. Attorney General
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

     In September 2019, pro se plaintiff Edward Randolph ("Randolph" or "plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl.").

     In a Decision and Order filed December 6, 2019 (the "December Order"), the Court

reviewed the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. *See* Dkt. No. 10. On the basis of that review, the Court dismissed the following claims: (1) Eighth Amendment deliberate medical indifference claims against defendants Unit Chief of the Office of Mental Health L. Kalies ("Kalies") and Superintendent Harold D. Graham ("Graham"); and (2) Eighth Amendment excessive force claims against Graham and Superintendent Doe; and (3) Plaintiff's 1983 claims for monetary damages against Defendants in their official capacity. *See id.* at 24.

However, the Court concluded that Randolph's Eighth Amendment failure-to-protect claims against defendants Senior Social Worker S. Agosh ("Agosh") and Jane Doe Social Worker #1 survived the Court's and required a response. *See id.* Plaintiff was directed to take reasonable steps through discovery to ascertain the identity of defendant Jane Doe. *Id*. at 26.

On December 20, 2019, Plaintiff filed a motion for reconsideration of the December Order arguing that the Court overlooked his excessive force claim against Graham and that "clear error" required reconsideration of his claim against Kalies. *See* Dkt. No. 12.

In a Decision and Order filed on February 13, 2020 (the "February Order"), the Court granted the motion, in part, and reconsidered the prior decision related to Graham. *See* Dkt. No 18 at 5-7. Upon review, the Court held:

> . . . as presently pleaded, the Complaint does not sufficiently allege an Eighth Amendment claim against Graham related to the cell extractions. The Complaint is devoid of facts related to how, when, where, and by whom Graham was contacted regarding the cell extractions. Indeed, Randolph does not identify any of the officers or staff who participated in the cell extractions and refers to the participants only as "the response team" or "Lt." Compl. at ¶¶ 75, 79.

2

Dkt. No. 18 at 6. The Court concluded that Plaintiff failed to adequately plead an Eighth Amendment claim against Graham. *See id.*

On February 26, 2020, Plaintiff filed an Amended Complaint (Dkt. No. 19), which was accepted for filing and deemed the operative pleading. Dkt. No. 23.

In a Decision and Order filed on April 8, 2020 (the "April Order"), the Court reviewed the Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and dismissed the following claims for failure to state a claim upon which relief may be granted: (1) Eighth Amendment deliberate indifference claims against Graham; and (2) Eighth Amendment excessive force claims. *See id.* at 7.

However, the Court concluded that Randolph's Eighth Amendment claims against Agosh, Kalies, and Jane Doe survived the Court's review and required a response.[1] *See id.* Plaintiff was directed to take reasonable steps through discovery to ascertain the identity of defendant Jane Doe. *Id*. at 8.

Presently before the Court is Plaintiff's motion for reconsideration of the April Order (Dkt. No. 27) and Plaintiff's motion for permission to amend the Amended Complaint (Dkt. No. 28). Defendants oppose the motions.[2] Dkt. Nos. 27 and 28.

## II. MOTION FOR RECONSIDERATION

The law related to motions for reconsideration was discussed at length in the February Order and will not be restated herein. *See* Dkt. No. 18 at 2-3.

Randolph does not argue that there has been an intervening change in the controlling

---

[1] The answer deadline for Defendants is June 9, 2020. Dkt. Nos. 26 and 29.

[2] Defendants have not filed an answer to the Amended Complaint.

3

law or that he has discovered new evidence. Rather, Randolph argues that clear error necessitates reconsideration and seeks reconsideration of the April Order to recognize and require a response to his Eighth Amendment claims against Graham and Superintendent Doe. *See generally*, Dkt. No. 27.

Randolph relies upon his Amended Complaint in support for his motion to reconsider. Plaintiff has not cited to any new facts or caselaw which would mandate that the prior Order be vacated and has not demonstrated an intervening change in controlling law nor has he articulated any clear legal error.

While Randolph disagrees with the April Order, plaintiff has not made any showing that reconsideration of it is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous'"); *United States v. Delvi*, 2004 WL 235211 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected"). Accordingly, plaintiff's motion for reconsideration (Dkt. No. 27) is denied.

### III.  **MOTION FOR PERMISSION TO AMEND**

The amendment and supplementation of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure and Rule 7.1(a)(4) of the Local Rules of Practice for the Northern District ("Local Rules"). The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P.

15(a)(2).  The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F. 3d 208, 212-13 (2d Cir. 2011) (internal quotation marks omitted).  Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility[.]"  *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party "at any time, on just terms," governs.  Fed. R. Civ. P. 21.  However, the "showing necessary under Rule 21 is the same as that required under Rule 15(a)."  *Johnson v. Bryson*, 851 F.Supp.2d 688, 703 (S.D.N.Y. 2012); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (When considering the addition of new parties under Rule 21, courts apply "'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'") (quoting *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

The Local Rules of Practice for the Northern District of New York direct that "[a] party moving to amend a pleading . . . **must attach an unsigned copy of the proposed amended pleading to its motion papers**."  N.D.N.Y.L.R. 7.1(a)(4) (emphasis added).  The proposed amended pleading "must be a complete pleading, which will supersede the original pleading in all respects.  A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference."  *Id.*  This both "ensure[s] that all of the allegations asserted against the opposing party are contained in a single document [and] ... eliminates the confusing nature of 'piecemeal' amended pleadings."  *Howard v. Potter*, No.

9:06-CV-0982 (DNH/GHL), 2008 WL 495569, at *2 (N.D.N.Y. Feb. 20, 2008) (citations omitted).

Here, Plaintiff seeks permission to amend his complaint to add defendants "that were not previously named in his complaint [. . .] whom took part in the cell extractions[.]" Dkt. No. 28 at 1.  However, Randolph did not provide the Court with a proposed amended pleading.

Accordingly, plaintiff's motion is denied, without prejudice.  Randolph may make a formal motion to amend but, he is cautioned that he must comply with the Local Rules.  The motion must include a notice of motion, supporting affidavit, and a copy of the proposed amended complaint.

## IV.  CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion for reconsideration (Dkt. No. 27) is **DENIED**;

2. Plaintiff's motion for permission to amend the Amended Complaint (Dkt. No. 28) is **DENIED**;

3. The Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  May 11, 2020
         Utica, New York.

United States District Judge